UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
OSMAN MOUTRAJI,                                                   Civil Action No.

                          Plaintiff,

    -against-

CORPORATE ACQUISITIONS, INC., USA
STAY LLC, and DARREN LACHAR,

                         Defendants.
-----------------------------------------------------------------X

## COMPLAINT

The Plaintiff, Osman Moutraji, as and for his Complaint against the Defendants, Corporate Acquisitions, Inc., USA Stay LLC, and Darren Lachar, ("Defendants") respectfully alleges as follows:

### JURISDICTION AND VENUE

1.    Plaintiff brings this action under the Fair Labor Standards Act (hereinafter the "FLSA"), 29 U.S.C. §§ 201 et seq., the New York Labor Articles 6 and 19, and the New York Codes, Rules, and Regulations 142-2.2 (hereinafter the "New York Labor Articles") to recover unpaid overtime compensation and for other relief.

2.    Jurisdiction over Plaintiff's FLSA claims is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

3.    The Court has supplemental jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claims that they form part of the same case or controversy.

4.    Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

5. Plaintiff, Osman Moutraji ("Plaintiff"), was employed by Defendants as a maintenance and repairman from on or about October 2010 through January 29, 2015.

6. Defendant, Corporate Acquisitions, Inc., is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

7. Upon information and belief, Corporate Acquisitions, Inc. maintains a place of business located at 453 West 47th Street, New York, New York.

8. Upon information and belief, Defendant, Darren Lachar, is a resident of the State of New York.

9. At all relevant times, Darren Lachar was and still is a corporate officer of Corporate Acquisitions, Inc. Upon information and belief, at all times relevant, Darren Lachar exercised operational control over Corporate Acquisitions, Inc., controlled significant business functions of Corporate Acquisitions, Inc., determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Corporate Acquisitions, Inc. in devising, directing, implementing, and supervising the wage and hour practices and policies relating to the employees. As such, at all relevant times, Darren Lachar has been an employer under the FLSA and the New York Wage and Hour Law.

10. Defendant, USA Stay LLC, is a foreign limited liability company duly authorized to conduct business in the State of New York.

11. Upon information and belief, USA Stay LLC maintains a place of business located at 453 West 47th Street, New York, New York.

12. At all relevant times, Darren Lachar was and still is a corporate officer of USA Stay LLC. Upon information and belief, at all times relevant, Darren Lachar exercised operational control over USA Stay LLC, controlled significant business functions of USA Stay LLC, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of USA Stay LLC. in devising, directing, implementing, and supervising the wage and hour practices and policies relating to the employees. As such, at all relevant times, Darren Lachar has been an employer under the FLSA and the New York Wage and Hour Law.

## FACTS

13. At all times relevant to this action, Plaintiff was employed for the benefit of and at the direction of defendants.

14. Plaintiff's responsibilities included doing maintenance and repair work at apartment units located in buildings throughout New York, New York where defendants provided short term leases to customers.

15. From October 2010 to April 2013, the Plaintiff generally worked six days a week.

16. During this time, plaintiff's shift began at 10:00 a.m. each day and his shift ended at 8:00 p.m. each evening.

17. During this time, Plaintiff was not given any uninterrupted meal breaks.

18. During this time, Plaintiff worked 60 hours each week.

19. During this time, Plaintiff was paid by the day.

20. During this time, plaintiff was not paid overtime compensation.

21. During this time, Plaintiff was not paid one and a half times his regular rate of pay when he worked more than 40 hours each week.

22. From on or about April 2013 to on or about January 2015, plaintiff worked six days a week.

23. During this time, plaintiff's shift began at 10:00 a.m. each day and his shift ended at 6:00 p.m. each evening.

24. During this time, plaintiff was not given any uninterrupted meal breaks.

25. During this time, plaintiff worked 48 hours each week.

26. During this time, plaintiff was paid by the day.

27. During this time, plaintiff was not paid overtime compensation.

28. During this time, plaintiff was not paid time and a half his regular rate of pay when he worked more than 40 hours each week.

29. Defendants managed Plaintiff's employment, including the amount of overtime worked.

30. Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies.

31. Defendants were aware of Plaintiff's work hours, but failed to pay Plaintiff the full amount of wages to which he was entitled for this work time under the law.

32. Defendants' failures to pay proper wages in a timely manner have been made without good faith, willfully, and with a reckless disregard for Plaintiff's rights; and Plaintiff has been damaged by such failures.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## 29 U.S.C. §201 ET SEQ.
## <u>FAILURE TO COMPENSATE FOR OVERTIME</u>

33. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

34. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

35. The corporate Defendant was and is subject to the overtime pay requirements of the FLSA because said Defendant is an enterprise engaged in commerce or in the production of goods for commerce.

36. Upon information and belief, the gross annual volume of sales made or business done by the corporate Defendant for the years 2015, 2014 and 2013 was not less than $500,000.00 each year.

37. At all times relevant to this action, Plaintiff was entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq.*

38. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one half times the employee's regular rate of pay, for all hours worked in excess of 40 per week.

39. By the above-alleged conduct, Defendants have violated the FLSA by failing to pay the Plaintiff overtime compensation as required by the FLSA.

40. Section 13 of the FLSA, 29 U.S.C. §213, exempts certain categories of

employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

41. However, none of the Section 13 exemptions apply to the Plaintiff because he has not met the requirements for coverage under the exemptions.

42. Defendants have acted willfully and have either known that their conduct violated the FLSA or have shown reckless disregard for the matter of whether their conduct violated the FLSA.

43. Defendants have not acted in good faith with respect to the conduct alleged herein.

44. As a result of Defendants' violations of the FLSA, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## COUNT II
## VIOLATION OF THE NEW YORK LABOR ARTICLE 6 AND 19
## FAILURE TO PAY OVERTIME UNDER NEW YORK LABOR LAW

45. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

46. At all times relevant to this Action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

47. Under New York law, an employee must be paid overtime, equal to one and one half times the employee's regular rate of pay, for all hours worked in excess of 40 per week in the manner and methods provided by the FLSA. 12 NYCRR §142-2.2.

48. By the above-alleged conduct, Defendants failed to pay Plaintiff overtime compensation as required by the New York Labor Articles.

49. By the above-alleged conduct, Defendants have failed to pay Plaintiff overtime compensation for the time periods in which he worked in excess of forty hours a week for defendants.

50. Plaintiff is not exempt from the overtime provisions of the New York Labor Articles, because he has not met the requirements for any of the reduced number of exemptions available under New York law.

51. Defendants have acted willfully and have either known that their conduct violated the New York Labor Articles or have shown a reckless disregard for the matter of whether their conduct violated the New York Labor Articles. Defendants have not acted in good faith with respect to the conduct alleged herein.

52. As a result of Defendants' violations of the NYLL, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to the NYLL.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, by and through his attorneys, Neil H. Greenberg & Associates, P.C., demand judgment against Defendants, jointly and severally and in favor of Plaintiff, for a sum that will properly, adequately, and completely compensate Plaintiff for the nature, extent, and duration of the damages, costs of this action, and as follows:

A. Declare and find that the Defendants committed one or more of the following acts:

1. Violated provisions of the FLSA by failing to pay overtime wages to Plaintiff;

2. Willfully violated overtime provisions of the FLSA;

- 8 -

      3.     Violated the provisions of the NYLL by failing to pay overtime wages to Plaintiff;

      4.     Willfully violated the overtime wages of the NYLL.

B.     Award compensatory damages, including all overtime compensation owed, in an amount according to proof;

C.     Award interest on all NYLL overtime compensation and other compensation due accruing from the date such amounts were due;

D.     Award all costs, attorney's fees incurred in prosecuting this action as well as liquidated damages under the FLSA and NYLL; and

E.     Provide such further relief as the Court deems just and equitable.

Dated: Westbury, New York
March 4, 2016

Neil H. Greenberg & Associates, P.C.
By: Neil H. Greenberg, Esq.
Attorneys for the Plaintiff
900 Merchants Concourse, Suite 314
Westbury, New York 11590
(516) 228-5100

## FAIR LABOR STANDARDS ACT CONSENT FORM

I, the undersigned, consent to be a party in **Moutraji v. Corporate Acquisitions Inc. and USA STAY, LLC.** in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. section 216(b).

Dated: Westbury, New York
       December 3, 2015

_____
Osman Moutraji